UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM MISIEWICZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>　　　　　　　　　　Defendant. | Case No. 2:22-cv-01180-RFB-NJK<br><br>ORDER |

On August 3, 2022, the Court denied Plaintiff's incomplete application to proceed *in forma pauperis* and ordered Plaintiff to file a complete application to proceed *in forma pauperis* no later than October 3, 2022. Docket No. 3. Plaintiff has filed another incomplete application to proceed *in forma pauperis*, as well as a motion to "defer" the application to proceed *in forma pauperis*. Docket Nos. 4, 5.

In his motion, Plaintiff states that he was told that it would take up to two months to receive his inmate account statement, but that he had submitted the necessary paperwork to receive his inmate account statement. Docket No. 5 at 2. To the extent that Plaintiff is requesting that the case proceed without a complete application to proceed *in forma pauperis*, that motion is denied. The Court also denies Plaintiff's incomplete application to proceed *in forma pauperis*. However, the Court will give Plaintiff an extension to file a complete application to proceed *in forma pauperis*.

The Court grants Plaintiff an extension until **January 13, 2023**, to file a fully complete application to proceed *in forma pauperis*. In the event Plaintiff has difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from prison officials, Plaintiff must file a declaration detailing when he requested the documents, whom he spoke to about the status of the documents, whom he followed up with after he did not receive the documents, and their responses. Plaintiff's declaration must include dates of his requests, dates of

his follow-up requests, names of the prison officials that he spoke to about the matter, and their responses.  If Plaintiff's declaration demonstrates that he has done all that was possible to acquire the documents from prison officials, the Court may consider his application to proceed *in forma pauperis* complete.

Absent unusual circumstances, the Court will not grant any further extensions of time.  If Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three required documents or, alternatively, the first three pages of the application to proceed *in forma pauperis* and a declaration detailing the efforts he took to acquire the financial certificate and inmate account statement from prison officials on or before **January 13, 2023**, this case will be subject to dismissal without prejudice for Plaintiff to file a new case with the Court when Plaintiff is able to acquire all the documents needed to file a fully complete application to proceed *in forma pauperis*.

A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff has all the documents needed to submit with the application to proceed *in forma pauperis*.  Plaintiff may choose not to file an application to proceed *in forma pauperis* and instead pay the full filing fee of $402 on or before **January 13, 2023**, to proceed with this case.

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis*, Docket No. 4, is **DENIED** without prejudice to file a new fully complete application to proceed *in forma pauperis* with all three documents.

IT IS FURTHER ORDERED that Plaintiff's motion to defer the application to proceed *in forma pauperis*, Docket No. 5, is **DENIED**.  The Court grants Plaintiff until **January 13, 2023**, to file a complete application to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that, on or before **January 13, 2023**, Plaintiff shall either pay the full $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate** on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that, if Plaintiff is not able to obtain his financial certificate and inmate account statement from prison officials, Plaintiff must file the first three pages of the application to proceed *in forma pauperis* together with a declaration detailing the efforts he took to acquire the financial certificate and inmate account statement from prison officials.

IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents, or, alternatively, the first three pages of the application to proceed *in forma pauperis* and a declaration detailing the efforts he took to acquire the financial certificate and inmate account statement from prison officials, or pay the full $402 filing fee for a civil action on or before **January 13, 2023**, the Court will recommend dismissal of this action without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis*.

DATED:  November 15, 2022.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE